# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

---

DAVID SCHNESE,

        Plaintiff,

    v.                                 Case No.    19-C-1385

COUNTY OF FOREST, et al..,

        Defendants.

---

## ORDER REGARDING PROTECTIVE ORDER

---

The parties have stipulated to entry of a Protective Order in the above matter in order to avoid public disclosure of the personnel file of Defendant Darrel B. Wilson, Jr. and the medical records of Plaintiff David Schnese. Counsel indicate that the information contains sensitive, confidential information of both parties. The parties are seeking to protect such information from unnecessary public release and state "[a] Motion to File Under Seal will not be required prior to electronically filing any of the documents under seal". Dkt. [14] at 3. An agreement such as the one the parties have entered into serves the important purpose of expediting discovery without requiring the court to pass on every document arguably responsive to a discovery request that a party desires to withhold from public scrutiny. However, the mere fact that the parties agreed to file a document under seal is not sufficient to establish the good cause necessary to maintain such filings under seal. See *Union Oil Co. of California v. Leavell*, 220 F.3d 562, 567 (7th Cir. 2000).

In this district, General L.R. 79(d) governs the procedure for filing material that a party has designated confidential under seal. Subsection (4) states that "[a]ny motion to seal must be accompanied by proof of good cause for withholding the material from the public record."

Subsection (6) requires that any material marked confidential that a party wishes to file with the court "must be filed under seal by the filing party with the Clerk of Court in an envelope marked 'SEALED.'" The party filing the material designated "confidential" has two options:

> Any party filing material claimed to be confidential under subsection (6) must include with that filing either: (1) a motion to seal the material pursuant to this rule; or (2) an objection to the designation of the material as confidential and a statement that the objection to the designation has been provided to the person claiming confidentiality. If such an objection is made, the person having designated the material as confidential may file a motion to seal under this rule within 21 days of the objection.

General L. R. 79(d)(7).

In order to avoid unnecessary motion practice for both the parties and the court, the parties are encouraged to avoid filing materials marked confidential with the court unless it is actually necessary to do so and, even then, only after consulting with the party who initially designated the material "confidential" in order to determine whether it needs to be filed under seal. Often, the party who designated the material "confidential" no longer believes it must remain so. In other cases, the parties may be able to agree on a stipulation to avoid the need to file such material. In any event, the party filing material claimed to be confidential must either file a motion to seal accompanied by a showing of good cause for withholding the material from the public record, or, if the party has not designated the material confidential or does not believe good cause exists to seal the material, that party should simply file an objection to the designation of the material as confidential. The filing party thereby shifts to the party that made the designation the burden of establishing good cause without the need for the court to enter an order to show cause.

The parties are also directed to consult with Fed. R. Civ. P. 5.2, which outlines redaction requirements. In certain circumstances, rather than file an entire document under seal, unless it is onerous, personal identification should just be redacted.

With this understanding, the proposed protective order submitted by the parties is hereby approved and entered.

**SO ORDERED** at Green Bay, Wisconsin this  13th  day of March, 2020.


s/ William C. Griesbach
William C. Griesbach, District Judge
United States District Court