UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DAVID SCHNESE,

        Plaintiff,

     v.                            Case No. 19-C-1385

COUNTY OF FOREST and
DARRELL B. WILSON, JR.,

        Defendants.

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

    Plaintiff David Schnese filed this 42 U.S.C. § 1983 action against Sergeant Darrell B. Wilson of the Forest County Sheriff's Department for allegedly violating his Fourth and Fourteenth Amendment rights. Schnese also sued Forest County, alleging that the Sheriff's Department failed to properly train and supervise Wilson. On August 20, 2021, the Court entered a decision and order on Defendants' motion for summary judgment, ultimately concluding that Sergeant Wilson was entitled to qualified immunity and that Schnese had failed to adequately support his *Monell* claim against Forest County. *See* Dkt. No. 39. On September 17, 2021, Schnese filed a motion for reconsideration, arguing that the Court "manifestly misapprehended the record" when it analyzed Schnese's *Monell* claim. For the following reasons, Schnese's motion for reconsideration will be denied.

    To prevail on a motion for reconsideration under Federal Rule of Civil Procedure 59, "the movant must present either newly discovered evidence or establish a manifest error of law or fact." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (citation omitted). A manifest error "is not demonstrated by the disappointment of the losing party," and a motion to reconsider

is not a "vehicle for rearguing previously rejected motions." *Id.* With this standard in mind, the Court turns to Schnese's argument.

Schnese's motion to reconsider focuses on the *Monell* claim that was rejected by the Court on summary judgment. Specifically, Schnese argues that the Court "manifestly misapprehended the record" when it stated that Schnese had failed to identify "any other instances of false arrest or excessive force by Wilson or any other officers of the Forest County Sheriff's Department." Dkt. No. 39 at 28. This was a manifest error of fact, Schnese claims, because Sergeant Wilson testified that he had been involved in an incident dating back to 2015. *See* Dkt. No. 26-3 at 142. Schnese asserts that, based on the evidence of this 2015 incident, a reasonable jury could conclude that "Forest County had notice that it was highly predictable that Wilson, absent further training, would make similar errors under the similar circumstances of the case at bar." Dkt. No. 41 at 3–4; *see also Connick v. Thompson*, 563 U.S. 51, 71 (2011) ("To prove deliberate indifference, Thompson needed to show that Connick was on notice that, absent additional specified training, it was 'highly predictable' that the prosecutors in his office would be confounded by those gray areas and make incorrect *Brady* decisions as a result. In fact, Thompson had to show that it was so predictable that failing to train the prosecutors amounted to conscious disregard for defendants' *Brady* rights.").

The incident that Schnese refers to does not illustrate an instance of false arrest or excessive force by Wilson or any of the officers involved. According to Wilson, the incident in question arose from a large gathering of individuals following the closing of a bar. Dkt. No. 26-3 at 142. Apparently, many of the individuals made their way onto the street, throwing water on cars as they were passing by. *Id.* Wilson testified that he advised the individuals to disperse, but that they did not respond to his command, at which point Wilson took a subject into custody for disorderly conduct. *Id.* At the same time, another subject confronted Wilson, prompting Wilson to direct another officer to detain this second subject. *Id.* Upon Wilson's order, the second subject began

2

to run, and another officer deployed his TASER, striking the second subject. *Id.* Wilson further testified that the use of force in that incident was investigated, that some people thought he was "out of control" at the scene, and that he was "written up" for the incident. *Id.* at 143. But Wilson's testimony indicates that he was not written up for false arrest or use of excessive force, but rather because Wilson was "yelling" and "used profane language." *Id.*

Wilson's testimony is the only evidence Schnese presents about the incident. Schnese presents no evidence to suggest that Wilson, or any other officer involved in the incident, made an unlawful arrest or used excessive force such that the County would be "on notice that, absent additional specified training, it was highly predictable" that a constitutional violation would result from future encounters. *Connick*, 563 U.S. at 71 (quotations omitted). Instead, Schnese points to the incident described above, and takes the phrase "out of control" and runs with it. The only use of force indicated by Wilson's testimony is the use of a TASER by a different officer, and there is no evidence in the record to suggest that the use of the TASER in that scenario constituted a use of excessive force. Indeed, Wilson testified that he was unaware of any other officers being investigated based on that incident. Dkt. No. 26-3 at 144. And of course, Wilson's yelling and use of profanity do not rise to the level of any sort of constitutional violation.

On this record, there is no basis for Schnese's claim that Wilson had been previously investigated on accusations of false arrest and excessive force. The Court therefore rejects Schnese's claim that it made a manifest error of fact or law. Accordingly, Schnese's motion for reconsideration (Dkt. No. 41) is **DENIED**.

**SO ORDERED** at Green Bay, Wisconsin this <u>4th</u> day of November, 2021.

s/ William C. Griesbach
William C. Griesbach
United States District Judge
